Perdue v. Perdue.

---

MARGARET PERDUE, Administratrix, Respondent, v. MARK PERDUE, Jr., Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. ADMINISTRATION: Advancements: Distribution. On a review of the evidence attending the contest of final settlement it is held that whether a certain judgment in partition bound the appellant as an adjudication is. immaterial since it did bind him as an agreement the fruits of which he had received, and the facts show in addition that he had received larger advancements than the other heirs.

Perdue v. Perdue.

2. ———: ———: ———: **Evidence.** On the record the matter to be tried was whether appellant was entitled to receive any further sum from the estate than he had already received, and a full showing of what he and the other heirs had received was proper.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

AFFIRMED.

*J. Allen Prewitt* for appellant.

(1) Under the statement made in the final settlement, and the allegation in the objections thereto, there was only one point for the court to decide in the case, to-wit: Did the judgment in partition adjudicate this appellant's right to his share of the surplus in this case? A judgment is a conclusion upon matters submitted to the court by the pleadings. Orvis v. Elliott, 15 Mo. App. 96; Lumber Co. v. Nickey, 89 Mo. App. 288; Barkoefer v. Barkoefer, 93 Mo. App. 373. Consent will not confer jurisdiction over subject-matter. Davison v. Hough, 165 Mo. 573. (2) A decree can not be based on facts or affect a subject-matter not pleaded. Needles v. Ford, 167 Mo. 496; Newham v. Kenton, 79 Mo. 382; Maddock v. Lance, 94 Mo. 283; Muenks v. Bunch, 90 Mo. 500; Spurlock v. Railroad, 76 Mo. 67; State ex rel. v. Branch, 134 Mo. 605; Young v. Byrd, 124 Mo. 590; White v. Rush, 58 Mo. 105; Clements v. Murphy, 40 Mo. 121; State ex rel. v. James, 82 Mo. 510; Ridgly v. Stillwell, 27 Mo. 128; Hickerson v. Mexico, 58 Mo. 65; Offutt v. John, 8 Mo. 125; Bank v. Doran, 109 Mo. 52; McNair v. Biddle, 8 Mo. 267; Mead v. Knox, 12 Mo. 287; Schneider v. Patton, 175 Mo. 684; In re Tyler, 40 Mo. App. 386; Mason v. Summers, 24 Mo. App. 174; Owens v. Link, 48 Mo. App. 538; Dawson v. Quillen, 61 Mo. App. 672; Brown v. Weldon, 34 Mo. App. 378; 8 Ency. P. and P., 933, 941; Freeman on Judgments, art. 257, 271 and 272; McFadden v. Ross,

108 Ind. 576; 2 Ency. P. and P., 868 and 869; Fahey v. Mchg. Co., 44 Am. St. 554. · (3) Parol evidence is only admissible in explanation of a judgment where on the pleadings, it is susceptible of more than one construction. Fehey v. Mch. Co., 44 Am. St. 562; St. Joseph v. Railroad, 116 Mo. 645; Spradling v. Conway, 51 Mo. 51. A court speaks only by its record which can not be disputed in a collateral proceeding. Davison v. Hough, 165 Mo. 574; 11 Ency. P. and P., 868-869; 8 Ency. P. and P., 944-945; Reed v. Bott, 100 Mo. 62; Bank v. Doran, 109 Mo. 52; Hickerson v. Mexico, 58 Mo. 65; Schneider v. Patton, 175 Mo. 684; Milner v. Shepley, 94 Mo. 106; McNair v. Biddle, 8 Mo. 267; West v. Moser, 49 Mo. App. 207. (4) Mark Perdue, Jr., is not estopped by the judgment in partition, or any agreement therein, from taking his share of this surplus. Estoppels of record can not be maintained by argument or inference; they must be certain.

*John W. Clements* for respondent.

(1) Where the merits of a matter in dispute are not passed on, the judgment therein will be no bar to another action; and where the record does not positively show what was passed on, parol evidence may be resorted to. Spradling v. Conway, 51 Mo. 51; Wright v. Salisbury, 46 Mo. 26; Hickerson v. Mexico, 58 Mo. 61. (2) Appellant claims that his attorney had no authority to represent him in the partition suit in any matters except those mentioned in the petition and answers of codefendants, to-wit, the real estate and the advancements; and that for this reason the appellant is not bound by said decree, even if it does attempt to adjudicate his interest in such other personal estate. If this position is correct, and appellant is not bound by said decree. then it necessarily follows that we are not bound by it. "If it is not binding on both, it binds neither." Bell v. Hoadgland, 15 Mo. 360. And if it is not binding on

either, then respondent had a right to show by parol evidence, the advancements to appellant in bar of his claim to this surplus in the hands of administratrix. (3) "The scope of the estoppel created by the first judgment can not be extended beyond the points and issues necessarily determined by it." St. Joseph v. Railway, 116 Mo. 646; 2 Black on Judgments, sec. 574. (4) "The record of a judgment in a former suit between the same parties to constitute an estoppel must show that the same subject-matter had been passed upon and adjudicated in that suit." Clemens v. Murphy, 40 Mo. 122.

ELLISON, J.—This case is an appeal from the order of distribution at final settlement of the administratrix. The judgment was for her.

It appears that Mark Perdue died leaving surviving him, as his widow, the administratrix herein and eleven children, among whom is this appellant, Mark Perdue, Jr. The estate consisted of lands and personalty. The deceased had, from time to time, made advancements to several of his children of $1,100 each, including this appellant, and the latter had borrowed money from deceased at different times, for which he gave his notes with interest. He had also agreed with deceased to care for and protect an afflicted sister, in consideration of which the deceased allowed him the use, without interest, of $1,025. Appellant after a time surrendered back the charge and care of his sister and executed a note to deceased for the $1,025.

Afterwards, the appellant cast up what he owed his father with interest and added thereto the $1,100 advanced to him, making a total of $4,289.23. The deceased surrendered to appellant the notes for borrowed money and appellant executed to him an instrument in the form of, and what is termed, a deed. The instrument is an awkward and singular paper, whereby the appellant acknowledged the receipt of the sum of $4,289.23. It contains the following:

"Witnesseth, that the said parties of the first part, in consideration of the sum of ten dollars and other valuable consideration to us paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part his heirs and assigns the following described lots, tracts or parcels of land lying, being and situate in the county of Jackson and the State of Missouri, to-wit:

"All my interest in all the lands in Jackson county, Missouri, or in any other county in said State of Missouri and also all my interest be the same real, personal or mixed and to or in anywise pertaining to the estate of Mark Purdue, Sr. The object and intent of this deed is to convey to the heirs other than myself all my interest in said estate, the consideration being the sum of ten dollars and the further consideration of advancements amounting to the sum of $4,289.23; by the execution of this indenture we acknowledge ourselves owing at the time of the settlement of said estate the sum of forty-two hundred and eighty-nine dollars and twenty-three cents. And it is agreed and understood by and between myself and father that no interest is to be charged up against me at the time of the settlement of my father's estate that the amount herein set forth shall be deducted from my distributive share of said estate and be distributed among the other heirs as my father may direct by his last will and testament."

Whatever else may be said of the paper, it is plain that it, *at least,* acknowledged that appellant should be charged with the sum of $4,289.23, at the future settlement of the father's estate.

Upon the death of deceased, the widow aforesaid was duly appointed to administer the estate; and afterwards a partition suit was brought by one of the heirs and this appellant, being then a non-resident, entered his appearance and took leave to answer. Before the case came to trial, or indeed, before appellant filed his

answer, the parties, having in view, in a general way, about what the estate would amount to, came to an understanding and agreed upon the decree which should be entered and which was entered. That decree set out the sum each of the heirs had received by way of advancement except this appellant. As to him, the decree reads:

"And the court further finds that Mark Perdue, Jr., in the lifetime of his father received large sums by way of advancements from his said father and that all the adult parties hereto and the guardian of Orpha Perdue and the minors by their guardian, have in consideration of the final adjustment and settlement of all claims of defendant Mark Perdue in and to any part of the realty and personalty of said estate, stipulated and agreed with the said Mark Perdue, that out of the proceeds arising from the sale of the real estate, as hereinafter ordered be paid the sum of four hundred and eighty dollars."

Appellant contends that some words which occur in other portions of the decree, qualify or explain those just set out, but we think the whole decree considered, it bears the construction we have given it.

The trial court found "that said Mark Perdue, Jr., has heretofore received by way of advancements and out of the proceeds of sale of real estate in partition his full share of the estate of his said father, Mark Perdue, Sr., deceased, and that he is not entitled to any part of the balance now in the hands of the administratrix of said estate for distribution among the heirs of said deceased."

We do not see any ground upon which appellant can justly object to the judgment rendered. It is perfectly manifest that he has received from the estate sums largely in excess of what either of the others received. It is clear that he had received more than his just share before the last agreement embodied in the decree of partition that he should receive the further

sum of $480, eighty dollars of which was to be applied to payment of commissioner for sale in partition.

There has been presented to us an elaborate brief on the question of the scope of the decree in partition; and of the relation the decree should bear to the pleadings in the cause, as well as to how far matters said to be adjudicated therein, should be restrained by the pleadings. We need not enter into that phase of the case. All that appellant contends for in the brief and argument might be conceded, and yet the patent fact remains that this appellant did agree that he had received his full share of the estate, real and personal. Now, it is of no consequence whether that did, or did not, bind him as an adjudication. It did bind him as an *agreement*, the fruits of which he afterwards received. But in addition to this, the court without that part of the decree, or the agreement, was bound to find that he had, in point of fact, received more than the others.

In our view the appellant sought to confine the range of the evidence too much. We think, as just intimated, that the decree shows appellant to have received his share of the whole estate; but that if it did not, it was proper to hear evidence as to the fact. When stripped of all unnecessary matter, this case involved the question whether appellant was entitled to receive any further sum from the estate in view of what he had already received. To ascertain the truth as to that issue, no harm could result in a full showing of what he and the other heirs had received. And so we do not see how the trial court could well have made any other finding in this case than that above set out.

The judgment will therefore be affirmed. All concur.